The Court (nem. con.) permitted Mr. Coote to be sworn, he being willing.
The plaintiffs gave in evidence an account, which had been admitted by Mi’. Coote to be correct, and proved that the checks and vouchers of the account had been delivered to the defendant Jones, and having called upon him to produce them in court, at the trial, rested their case upon that evidence.
The defendant’s counsel, in cross-examining one of the plaintiffs’ witnesses, Mr. Carr, who was an officer in the bank, asked him whether a certain check, constituting one of the items of that account, was drawn by Mr. Coote in the name of the firm.
The plaintiffs’ counsel objected that the defendant could not give secondary evidence of the contents of that check, without first showing that the original check was not in his power.
The Couht (MoRsell, J., contrd,) was of that opinion; and that the plaintiffs’ evidence was not to be considered as secondary.
Mr. Shanks was called as a witness to the reputation of Mr. Coote for veracity.
The Court said that the proper questions to be put to the witness were: — “ Do you know the common reputation of Mr. Coote for veracity, among the generality of his acquaintance;”
“ From your knowledge of his genéral reputation for veracity, would you believe him upon his oath?” Starkie, Part 2, p. 146, and note 1.
A witness having testified that he had heard several persons of Mr. Coote’s acquaintance say that his reputation for veracity \vas not good, Mr. Key, for the plaintiffs, asked him who those *171 persons were; but the witness declined answering, unless ordered by the Court.
The Court (Moksbll, J., contrd,) thought he was not bound to answer; and said that the fact to be ascertained was, the common repute of Mr. Coote, among his acquaintance, as to veracity ; and that if the witness is bound to state the names of those who had impeached the credit of Mr. Coote, it might lead to an almost endless inquiry; and to the same evils which would result from permitting evidence to be given of particular acts of turpitude, to impeach the character of a witness.
The Court, (nem. con.) at the prayer of the defendant’s counsel, instructed the jury, “that if they should find, from the evidence, that the overdraft claimed by the plaintiffs in this cause was produced by charging, in the account of C. T. Coote & Co. in the said bank, a check or checks drawn in the sole and individual name of C. T. Coote, the plaintiffs are not entitled to recover for such overdraft in this action, unless it appears that such checks were drawn upon the credit, and by the authority of the firm; notwithstanding it may appear to the jury that some of the moneys, credited in the said account to the firm, were originally noted in the rough memorandum-book, called “ the scratch,” as deposited by C. T. Coote, without naming the firm, and were afterwards carried to the credit of the firm in the said account; and notwithstanding the jury should believe the evidence offered on the part of the plaintiffs, that the money paid on such checks was used and applied by the said C. T. Coote in the business and concerns of the said firm ; and that, under such circumstances, the promise of the said C. T. Coote, to make good such overdraft, does not bind the said firm of C. T. Coote & Co. That the said checks are primd facie evidence that the same were drawn on the individual account and credit of Coote alone ; and that the burden of proof is on the plaintiffs, to show that he was authorized by the firm to draw the said checks.”
And the Court also (nem. con.) instructed the jury, at the. prayer of the plaintiffs’ counsel, as follows : — “ But if the jury should believe, from the evidence, that the said $300 were drawn by the check of C. T. Coote, by him, from the partnership funds in the Patriotic Bank, with the view of transferring so much of the partnership funds from that bank to the United States Bank, and that he did thereby so transfer the same, and deposit the same, to the credit of the firm, in the said United States Bank, then the defendants are chargeable with the amount of said check.” '
Verdict for plaintiffs, $150 and interest.